**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff-Respondent, | § | |
| | § | |
| v. | § | Cr. No. C-07-311 |
| | § | |
| JOSE ALEJANDRO GUZMAN-CEPEDA, | § | |
|     Defendant-Movant. | § | |

## <u>ORDER</u>

On November 8, 2007, the Clerk's office received a form motion under 28 U.S.C. § 2255 filed by the Defendant Jose Alejandro Guzman-Cepeda ("Guzman").  (D.E. 28).  Although the motion is presented on a form § 2255 document, Guzman explicitly states: "I am not appealing based upon legal issues but only to request a reduction of sentence."  (D.E. 28 at 10.)  The Clerk has properly docketed the motion as a motion to reduce sentence.  (D.E. 28.)

In his motion, Guzman lists four grounds for the reduction in sentence he is seeking.  In their entirety, they are as follows:

1.      My entire family was depending upon the income which I earned and since my arrest they have been living in extreme poverty.  Many members of my family are old and unable to work, including my 85 year old mother;

2.      This current offence is my only major criminal act, this is my first and last attempt at re-entry, and I have a criminal history free of violence;

3.      My wife, who lives in Pharr, Texas has been fighting cancer for some years and depends on my support, as well as transport to her numerous doctors appointments.  Furthermore, it would be a blessing to be there for her during the last moments of her life; and

4.      The fundamental reason for my entry into the United States was to provide for my family and I never had intentions on breaking any laws.  During my time here, I worked hard to be a contributing member of society and, if given the chance, would continue to do so.

1

(D.E. 28 at 4, 5, 7, 8.)

As discussed herein, the Court construes Guzman's filing as a motion to reduce sentence and the motion is DENIED.

## I. BACKGROUND

On June 13, 2007, Guzman was charged in a single count indictment with illegal re-entry into the United States, in violation of 8 U.S.C. §§ 1326(a) and 1326(b). (D.E. 9). On July 13, 2007, Guzman pleaded guilty pursuant to a written plea agreement with the government. (D.E. 15, 16.) Guzman was sentenced on September 13, 2007 to 41 months in the custody of the Bureau of Prisons, to be followed by a two-year supervised release term, and a $100 special assessment. (D.E. 25, 26). Judgment was entered against Guzman on September 26, 2007. (D.E. 26). He did not appeal and had not filed any post-conviction motions until he filed the instant one on November 8, 2007.

## II. ANALYSIS

### A.      Characterization of Motion

At the outset, the Court notes that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996). Guzman has filed his motion using a form document that allows prisoners to seek relief under 28 U.S.C. § 2255. He is not challenging his conviction or sentence, however, nor does he assert cognizable grounds for relief under § 2255. Indeed, he explicitly notes that he is not raising any "legal" challenges. (D.E. 28 at 10.) Instead, he is asking for a reduction in sentence based on his family situation, his reasons for his offense, and his lack of a violent criminal history. Because of this, the Court is unsure as to whether Guzman intended to file a § 2255 motion. Particularly in light of the Supreme Court's decision in Castro v. United States, 124 S. Ct. 786, 792 (2003), the Court declines to construe his motion as a § 2255 motion. Cf. Castro, 124

2

S. Ct. at 792 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

If Guzman truly intended for his motion to be a § 2255 motion, he is advised that he may refile his motion and indicate that he wants the Court to analyze his motion under § 2255.[1]  Pursuant to the directives of Castro, Guzman is further advised that if he refiles his motion as a § 2255 motion, he may be prohibited from asserting additional § 2255 claims in the future and from filing any subsequent § 2255 motion.  See 28 U.S.C. § 2255 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain prerequisites are met).  That is, before he will be permitted to file a second or successive § 2255 motion before the district court, Guzman will be required to seek, and acquire, the approval of the Fifth Circuit and will have to establish certain grounds in order to obtain that approval.[2]  See Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000);

---

[1]  The Court notes, however, that Guzman's written plea agreement included a waiver of his right to file any § 2255 motion.  (See D.E. 16 at ¶ 7.)  The Court reaches no conclusions herein as to whether any § 2255 motion filed by Guzman would be barred by his written waiver.

[2]  The pertinent portion of § 2255 states:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

3

28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

In light of the foregoing, if Guzman refiles his motion as a § 2255 motion and wishes to supplement his motion with additional grounds, he should file those grounds at the same time.

**B.     Motion for Reduced Sentence**

Having determined that Guzman's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds that entitle him to relief.  This Court has authority to modify or  correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Guzman fails to assert grounds for modification that fall into any of the categories above. Rather, he is simply asking for a reduced sentence based on the effects of his incarceration on his family, as well as lack of criminal history and his stated reasons for committing his crime. Therefore, the Court does not have authority to alter Guzman's sentence and his motion is DENIED.

### III.  CONCLUSION

For the foregoing reasons, Guzman's motion to reduce sentence (D.E. 28), filed on § 2255

forms, is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.   If

Guzman intended to file a § 2255 motion, he should follow the instructions set forth in Section II.A.

of this Order.


It is so ORDERED this 14th day of November, 2007.



Janis Graham Jack
United States District Judge